IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRANCE L. THOMAS | ) | CASE NO. 4:09CV1567 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| UNITED STATES MARSHALS | ) | <u>MEMORANDUM OF OPINION</u> |
| SERVICE, *et al.* | ) | <u>AND ORDER</u> |
| | ) | |
| Defendants. | ) | |

Plaintiff *pro se* Terrance L. Thomas, incarcerated in the Gilmer Federal Correctional Institution located in Glenville, West Virginia, brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the Court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332, against defendants United States Marshals Service, the Elyria Jail, the Mahoning County Correction Center ("MCCC") and ten John Does.

Plaintiff alleges that on April 16, 2009, he was under the custody of the United States Marshals Service, and that while located at the Elyria Jail he was injured using the workout equipment provided to all prisoners. After the accident, Elyria Jail officers allegedly forced him to endure pain, additional pain and additional injury transporting him to the hospital because they did not have any medical personnel or equipment available to transport or treat him. While at the hospital, several tests were performed, treatment and medication suggested and prescribed and observation ordered by the doctor, but the Elyria Jail personnel failed to provide the medication or treatment. He was given medication by unlicensed and untrained officers who could not answer complaints or inquiries. When he complained about the treatment and conditions he was transported

to MCCC which he asserts is under a federal injunction for lack of proper medical care which he claims has not been corrected.

Plaintiff has brought nine claims for relief. Four of the claims are against the Elyria Jail for intentional and willful conduct and negligence and a cause of action under § 1983 for cruel and unusual punishment for allegedly accepting control of him even though it was known that medical treatment, care, policies and procedures were deficient. Two claims are against the United States Marshals Service. In the first claim brought under state law, he contends that this defendant knowingly and intentionally prevented him from getting proper medical treatment, placing him in the hazardous custody and control of the Elyria Jail and improperly transferring him to MCCC. The second claim against the United States Marshals Service involves § 1983 claiming cruel and unusual punishment because of the conditions he was subjected to under its custody and control causing him to suffer and continue suffering from the injury that occurred at the Elyria Jail. Plaintiff's § 1983 claim against MCCC is similar to the civil rights claim against the United States Marshals Service. He also alleged that MCCC knowingly and intentionally injured him by accepting him as an inmate when they knew that there was a federal injunction concerning the medical care at the facility. His claim against the John Doe defendants includes a cause of action under the Eighth Amendment for cruel and unusual punishment and for the same state claims brought against the other defendants.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing

2

numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

Plaintiff has sued the Elyria Jail, a city jail and MCCC, a county jail. In order to state a claim under § 1983, the plaintiff must show that the alleged violation was committed by a person acting under color of state law. *Swiecicki v. Delgado*, 463 F.3d 489, 495 (6th Cir. 2006) A jail is a building wherein prisoners are held and is not a person. *Coffey v. Miami County Jail*, 2007 WL 316262 * 2 (S.D. Ohio, Jan 29, 2007). Therefore, a jail is not a legal entity amenable to suit under 42 U.S.C. § 1983. *Johnson v. Blackwelder*, 2009 WL 1392596 * 4 (E.D.Tenn., May 15, 2009). *See Bradford v. Gardner*, 578 F.Supp. 382, 383 (E.D. Tenn. 1984) (county sheriff's department is not a suable entity under § 1983); *Williams v. Baxter*, 536 F.Supp. 13, 16 (E.D. Tenn. 1981) (city police department is not a suable entity under § 1983). Thus, the Elyria Jail and MCCC must be dismissed as party defendants for purposes of Plaintiff's § 1983 claims.

The Elyria Jail and MCCC are city and county jails. Cities and counties are political subdivisions. R.C. 2744.01(F). R.C. 2744.02(A)(1) provides: "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." Usually, R.C. Chapter 2744 provides a complete defense to an intentional or negligence cause of action. *Turner v. Central Local School Dist.*, 85 Ohio St.3d 95, 98 (1999); *Laurie v. Cleveland*, 2009 WL 483175 * 4 (Ohio App. 8th Dist., Feb. 26, 2009). R.C. 2744.02(B) provides five circumstances in which sovereign immunity does not apply that are not applicable in this case. But R.C. 2744.02(B) includes no specific exceptions for

3

intentional torts so courts have consistently held that political subdivisions are immune from intentional tort claims. *Thornton v. Cleveland*, 176 Ohio App.3d 122, 126 (Ohio App. 8th Dist., 2008). Therefore, the state claims against these defendants must be dismissed.

The claims against the United States Marshals Service are also without merit. The doctrine of sovereign immunity protects the United States against suit, unless it waives this immunity and consents to be sued. *Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007) (citing *United States v. Dalm*, 494 U.S. 596, 608 (1990); *Butz v. Economou*, 438 U.S. 478, 504 (1978); *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 115 (6th Cir. 1988). Claims involving state tort law as does Plaintiff's claim that the United States Marshals Service knowingly and intentionally prevented him from getting proper medical treatment, placing him in the hazardous custody and control of the Elyria Jail and improperly transferring him to MCCC must be brought under the Federal Tort Claims Act, 28 U.S. C. §§ 1346 *et seq.*, 2671 *et seq.* The FTCA makes suit against the United States the exclusive remedy for common-law torts. Therefore, individual federal officers are immune from suit on under the FTCA. *United States v. Smith*, 499 U.S. 160, 163 (1991); *Green v. Aviles*, 2009 WL 1811896 * 1-2 (E.D. Mich., Jun. 23, 2009) (citing *Rivera v. United States*, 928 F.2d 592, 608-09 (2nd Cir.1991).

28 U.S.C. § 2675(a) provides that an "action shall not be instituted upon a claim against the United States for money damages ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." *See* 28 U.S.C. § 2675(a). The filing of an administrative claim is jurisdictional and is a non-waivable prerequisite to maintaining a civil action against the United States for damages arising from the alleged wrongful acts of a federal employee. *Cromety v. Elkton*

4

*Federal Correctional Institution*, 2006 WL 753108 * 2 (N.D. Ohio, Mar. 22, 2006) (citing *McNeil v. United States*, 508 U.S. 106 (1993); *Conn v. United States*, 867 F.2d 916 (6th Cir. 1989)). Consequently, Plaintiff's failure to name the proper party and to exhaust his administrative remedy precludes this Court's jurisdiction over any state law claims against the United States Marshals Service.

The Supreme Court held in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), that the Fourth Amendment constituted a waiver of sovereign immunity in actions against federal officers sued in their individual capacities. However, *Bivens* does not allow actions against the United States itself, or against federal agencies. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001); *Perotti v. Medlin*, 2009 WL 385573 * 9 (N.D. Ohio, Feb. 13, 2009). *See Briggs v. U.S. Marshals Service*, 2007 WL 1174261 * 2 (W.D. Tenn., Apr. 19, 2007) (plaintiff's claim against the United States Marshals Service, a federal agency, is barred by sovereign immunity).

Plaintiff has included ten John Does as defendants in their official and individual capacities. "Official-capacity suits ... 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.' " *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 n. 55 (1978)). Plaintiff's official capacity claims against the John Doe defendants connected to the Elyria Jail and MCCC are actually against the city and county. Therefore, these John Doe defendants cannot be sued in an official capacity.

Also, public employees are immune in their individual capacities under certain circumstances. R.C. 2744.03(A)96) provides:

5

> In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:
> (a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
> (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
> (c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term "shall" in a provision pertaining to an employee.

An individual acts recklessly when he or she, bound by a duty, does an act or intentionally fails to do an act, knowing, or having reason to know of, facts that would lead a reasonable person to realize not only that there is an unreasonable risk of harm to another, but also that such risk is substantially greater than that which is necessary for negligence. *Wooton v. Vogele*, 147 Ohio App.3d 216, 222 (Ohio App. 1st Dist., 2001). Plaintiff has alleged that the state law violations were committed knowingly and intentionally. Therefore, R.C. 2744.03(6)(b) may apply thereby allowing a cause of action against the State John Doe defendants pursuant to state law and the Court's diversity jurisdiction.

*Bivens* allows federal officers to be sued in their individual capacities. However, a plaintiff is required to allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk. *Phillips v. Roane County, Tenn.*, 534 F.3d 531, 540 (6th Cir. 2008). Plaintiff was injured using exercise equipment, was taken to a hospital and given medication. He alleges that he suffered from the injury and still suffers. He has not alleged the

6

required serious injury. The fact that he received only a prescription for medication shows that officials did not draw an inference that he had serious injuries. Thus, he has failed to state a cause of action against the federal John Doe defendants and the State John Doe defendants under § 1983.

The State John Doe defendants are not specifically identified. The use of unnamed defendants is not favored in the federal courts. *Washington v. Brownstown Police Dept.*, 2008 WL 2478338 * 2 (E.D. Mich., Jan 16, 2008) (citing *Haddad v. Fromson,* 154 F.Supp.2d 1085, 1093 (W.D. Mich., 2001). Service of process cannot be issued without plaintiff specifically identifying the John Doe defendants to be served. As they are the only remaining defendants, there are no others to serve. Plaintiff may have a hard time finding out their identities. The correct action must be taken before the expiration of the statute of limitations for each cause of action. There is a sufficient amount of time to do so. Therefore, the Court will dismiss this case without prejudice as to the John Doe defendants only.

Accordingly, The Elyria Jail, MCCC, the United States Marshals Service and the John Doe defendants for purposes of § 1983 are dismissed with prejudice. The State John Doe defendants are dismissed without prejudice in accordance with this opinion pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: January 7, 2010

JUDGE DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE